**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL HOCKENSMITH | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 1:10-cv-00349-LPD |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| J.T. ENTERPRISES, LLC, | : | |
| AND JOSH TUCKER | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO MOTION FOR RELIEF FROM DEFAULT JUDGMENT**

Plaintiff Daniel Hockensmith, through undersigned counsel, responds to the above captioned case as follows:

1. Agreed.

2. Agreed.

3. Agreed.

4. Denied. Defendant Josh Tucker and his wife spoke with opposing counsel at the location of Chasanov and Schaefer 1073 S. Governors Avenue, Dover, DE 19901. By way of further information, the meeting was prompted by defendant's current counsel plaintiff counsel to meet with defendants as a way to attempt settlement of the case.

5. Agreed, however, defendants previously communicated and consulted with their current legal counsel.

6. Denied. Plaintiff's counsel did represent that they would be open to settlement talks however at no point did Plaintiff's counsel state defendants were not required or did not have to file an answer. All further communications ceased after plaintiff's counsel was unable to contact defendants via telephone after the meeting and received no subsequent communications from the defendants.

7. Denied as stated. See response to paragraph 6.

8. Admitted as to the language of Federal Rule of Civil Procedure 60(b).

9. Denied as plaintiff's counsel did not make such a representation.

10. Denied.

11. No response necessary as defendants are asserting a statement of law.

12. Admitted. However, after speaking with the plaintiff about the matter, plaintiff opposes reopening the case.

## BY WAY OF FURTHER INFORMATION

13. Defendants were properly served with the complaint on April 28, 2010.

14. Over one year has passed since the defendants have failed to answer or file any type of responsive pleading to the complaint.

15. Defendants had over one month in which they failed to file an of answer or any type of responsive pleading to the request for default judgment.

16. The court must apply three factors in order to properly exercise its discretion: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." See *States v. $55,518.05 in United States Currency,* 728 F.2d 192, 194-95 (3d Cir.1984).

17. Here, the plaintiff will be prejudiced as over one year has passed since its initial filing of the lawsuit. Plaintiff's claim for unpaid overtime wages which at has been denied for several years now. Secondly, defendants fail to assert any type of meritorious defense to the complaint. Lastly, the default was the result of defendant's culpable conduct as it had notice of the complaint, consulted with an attorney after the filing of the complaint, and failed to take any steps to answer the complaint or the filing of the entry of default.

18. Only now at the 11th hour, the defendants request the court to reopen the matter.

**THE LAW FIRM OF RONDALD G. POLQUIN**

<u>**/s/ Ronald G. Poliquin, Esquire**</u>
Ronald G. Poliquin, Esquire
I.D. No. 4447
48 The Green
Dover, DE   19901
Phone: 1(800) 811-5182
*Attorney for Plaintiff*

Dated: May 10, 2011